UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VICTORIA M. STATH,<br><br>Plaintiff,<br><br>vs.<br><br>EQUIFAZ INFORMATION SERVICES, LLC,<br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br>and TRANS UNION, LLC,<br><br>Defendants. | Case No. 2:17-cv-02162-JAD-GWF<br><br>**ORDER** |

This matter is before the Court on Defendant Trans Union LLC's Motion to Consolidate (ECF No. 17), filed on October 5, 2017. To date, no party has filed an opposition to this motion and the time for opposition has now expired.[1]

Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve common questions of law or fact, the court may (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." The Court has broad discretion in determining whether to consolidate actions involving common questions of law or fact. *Krause v. Nevada Mut. Ins. Co.*, Case No. 2:12-cv-00342-JCM-GWF, 2013 WL 6524657 at *3 (D. Nev. 2012). "Consolidation requires only a common question of law or fact; perfect identity between all claims in any two cases is not required." *Firefighters, Local 1908 v. County of Clark*, 2012 WL 1986590 at *2 (D. Nev. 2012). The Court must weigh "the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." *Firefighters*, 2012 WL 1986590 at *2 (quoting *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F.Supp. 805, 807 (N.D.Cal. 1989)).

---

[1] "The failure of an opposing party to file points and authorities in response to any motion, . . . , constitutes a consent to the granting of the motion." Local Rule 7-2(d).

Local Rule 42-1 states as follows:

> An action may be considered to be related to another action when:
>
> (1) Both actions involve the same parties and are based on the same or similar claim;
> (2) Both actions involved the same property, transaction, or event;
> (3) Both actions involve similar questions of fact and the same question of law, and their assignment to the same district judge or magistrate judge is likely to effect a substantial savings of judicial effort;
> (4) Both actions involve the same patent, trademark, or copyright, and one of the factors identified in (1), (2), or (3) above is present; or
> (5) For any other reason, it would entail substantial duplication of labor if the actions were heard by different district judges or magistrate judges.

Defendant Trans Union, LLC requests that the Court consolidate this case with *Michael J. Stath v. Wells Fargo, N.A., et al.,* Case No.: 2:17-cv-02163-RFB-CWH. Plaintiff Victoria Stath brings the instant case against Defendants for violations of the Fair Credit Reporting Act ("FCRA"). Plaintiff claims that in August 2011, she filed for Chapter 13 Bankruptcy. *Complaint* (ECF No. 1), ¶ 19. Plaintiff then made all payments required to all creditors under the Confirmation Order, and thereafter remained current on her Wells Fargo Home Mortgage Debt. *Id*. at ¶¶ 20-29. Plaintiff's allegations against Defendants deal with post-bankruptcy credit-reporting and Defendants' reinvestigation and response to those disputes. *See id.* at ¶¶ 49-142. Plaintiff Michael Stath's Complaint alleges almost identical facts and FRCA violations. *See* Case No. 2:17-cv-02163-RFB-CWH, ECF No. 1.

On balance, the Court finds that consolidation, and the corresponding benefits (judicial economy and ability to avoid inconsistent verdicts), outweighs any inconvenience, delay, confusion, or prejudice that may result. The two cases here involve Plaintiffs who appear to be husband and wife and both involve the same Defendants. Moreover, both cases allege claims that arise out of the same set of facts and circumstances. Both actions stem from Defendants' alleged violations of the FCRA and disputes relating to Plaintiffs' post-bankruptcy credit reporting. Because there are sufficient common questions of law or fact present in these actions, the interests of judicial economy are supported by consolidation. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Trans Union LLC's Motion to Consolidate (ECF No. 17) is **granted**.

**IT IS FURTHER ORDERED** that *Michael J. Stath v. Wells Fargo, N.A., et al.,* Case No.: 2:17-cv-02163-RFB-CWH, shall be consolidated with this case as the member case.

**IT IS FURTHER ORDERED** that all future filings shall be filed bearing the consolidated case caption in the lead case, 2:17-cv-02162-JAD-GWF, only.

DATED this 23rd day of October, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge